(No. 30524.— )

THE PEOPLE *ex rel.* Louis E. Nelson, County Collector, Appellee, *vs.* JACKSON-HIGHLAND BUILDING CORPORATION, Appellant.

*Opinion filed September 24, 1948.*

ADELBERT BROWN, of Chicago, for appellant.

WILLIAM J. TUOHY, State's Attorney, RICHARD S. FOLSOM, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, THOMAS M. THOMAS, and THOMAS F. SCULLY, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The Jackson-Highland Building Corporation filed an objection to the Cook County collector's application for

judgment and order of sale against its property for non-payment of 1943 general taxes. The county court over-ruled the objection, and a direct appeal is taken to this court, as the revenue is involved.

The objection concerns a tax levied for the board of education of the city of Chicago and classified as accrued teachers' pensions. The board of education included in its appropriations for liabilities as of January 1, 1943, the following item: "Accounts payable: . . . Teachers' pensions accrued $1,030,584.21." This item appeared in its budget under the general heading "Estimated Current Liabilities," and represented accumulated deficiencies in payments by the board of education to a teachers' pension and retirement fund, for the years 1928, 1929 and 1930. The statute imposing the liability was enacted in 1921, and appeared as section 165 of the School Law during the years in question. It provided as follows (Laws of 1921, p. 821; Smith-Hurd Stat. 1921, chap. 122, par. 190,) : "If the moneys collected and paid into such public school teachers' pension and retirement fund from taxes levied for the purpose of providing revenue for such pension fund in any current fiscal year shall not equal twice the amount of the moneys deducted or contributed from teachers' salaries for such fund for such year; or should the current income of such pension fund in any fiscal year ever be less than the current disbursements of such fund for such year, then in either or both of such events, such board of education shall the next year in addition to demanding and directing the annual tax levy hereinbefore provided for, set apart and appropriate from moneys derived or to be derived from the general tax levy for educational purposes an amount of money sufficient to supply such deficiency or deficiencies, as the case may be, and promptly pay such sum of money into such fund for such purpose and to restore what, if any, of the reserve of such pension fund may have been necessarily temporarily used in the meantime." The sums

appropriated in the years 1929, 1930 and 1931 for deficiencies of the preceding years, respectively, were not paid into the pension fund, but were reappropriated each year thereafter as unpaid liabilities of prior years. At no time have these liabilities been satisfied by the board of education.

The first ground urged for reversal is that the statute is unconstitutional in that it imposes taxes upon a municipal corporation for corporate purposes, in violation of section 10 of article IX of our constitution. There is no doubt that the present act imposes a tax within the meaning of the constitutional prohibition. That which creates a debt requiring the levy of a tax for its discharge is, in effect, the levy of a tax. The question is whether the tax required by the act is for a corporate purpose. If the purpose of the tax is local and not general in character, the legislature has exceeded its power in attempting to impose it.

Considerable difficulty is encountered in arriving at a precise definition of the phrase "corporate purpose." In an early decision it was defined as "a tax to be expended in a manner which shall promote the general prosperity and welfare of the municipality which levies it." (*Taylor* v. *Thompson,* 42 Ill. 9, 13.) Not long thereafter this court, in *Board of Supervisors* v. *Weider,* 64 Ill. 427, discussed the term as follows: "It may be difficult to determine with precision what is a 'corporate purpose' in the sense of the constitution, but it is less difficult to decide what is not such a purpose. The true doctrine is, such purposes, and such only, as are germane to the objects of the creation of the municipality, at least such as have a legitimate connection with those objects, and a manifest relation thereto." It will be readily observed that the term, standing alone, allows a wide latitude of construction. Its true meaning can best be ascertained by considering the purposes of the constitutional provision in which it appears. That provision, in prohibiting the legislature from imposing taxes for local purposes, was wisely adopted by the

framers of the constitution as a safeguard against unrestricted creation of financial burdens on municipalities without the consent of the local taxpayers. The prevailing common law contemplated the regulation of local affairs being left in the political subdivisions of the States, where the individual had a closer contact with the governing authorities and the latter were in closer touch with the needs of the citizens and their financial condition. This scheme of government the constitution was designed to preserve. Its underlying principles are no less applicable today than they were a century ago. It is no less important today to protect a minority from injustice at the hands of a majority whose conceptions of public welfare are too often apt to condone an ever-growing interference by the State in matters of individual or local concern. It is therefore incumbent upon the courts to construe our constitutional clauses so as to give effect to the spirit in which they were adopted. If an activity of municipal government is predominantly of local concern it is within the constitutional inhibition, even though it is one in which the general public may also have an interest. There is no activity of municipal government that does not in some way affect the people at large. This incidental interest cannot be employed to impair by construction the protection afforded by the constitution.

Is the purpose of the tax here involved primarily of local concern, or is it predominantly a matter of Statewide interest which remains within the power of the General Assembly? The purpose of the tax for the teachers' pension and retirement fund is obviously the promotion of the school system and the furtherance of education. That such are State functions is apparent from the constitution itself, which directs in section 1 of article VIII that "The general assembly shall provide a thorough and efficient system of free schools, whereby all children of this state may receive a good common school education." The legislature having the duty to provide a system of schools, it

necessarily follows that it has power to impose taxes for purposes incident to the maintenance or improvement thereof. The mandate of the constitution presupposes power in the General Assembly to carry out that mandate.

*Board of Trustees* v. *Comrs. of Lincoln Park,* 282 Ill. 348, involved the constitutionality of an act requiring the creation of a park-police pension fund and directing the municipality to levy taxes which, when added to deductions from wages of policemen and receipts from other sources, would be sufficient to meet certain designated requirements. One of the contentions made was that the act constituted the imposition of a tax by the legislature upon the park districts for local purposes, in violation of section 10 of article IX of the constitution. In rejecting that contention this court said: "The maintenance or preservation of good order is primarily a public and governmental function. It is the purpose of all organized government, and is delegated by a State to a smaller embraced municipality only that it may be more effectively exercised." Similarly, the maintenance or preservation of a thorough and efficient system of free schools is a public and governmental function in Illinois, and is delegated to a municipality only that it may be more effectively exercised.

In *People ex rel. Cannon* v. *City of Chicago,* 351 Ill. 396, this court held that an act fixing a minimum salary of probation officers and requiring payment thereof by the city did not contravene section 10 of article IX of the constitution. It was there said that "The purpose of the system of probation is the same throughout the State. It is not local in character. The duties which probation officers perform have no particular or peculiar relation to the corporate functions of a municipality." The same may also be said of the system of education and the duties which teachers perform. The purpose of the present tax being clearly not local, but directly related to a governmental

function of the State, the act does not come within the constitutional restriction invoked by appellants.

It is further urged as a ground for reversal that the statute restricts appropriations to those for current liabilities, and that the debt under consideration, having been incurred 13 years prior to the tax year for which the appropriation was made, is no longer a current liability. There is no basis for this contention. It is expressly provided by section 135½ of the School Law that the annual school budget shall include appropriations for liabilities incurred during prior years and unpaid at the beginning of the fiscal year. (Ill. Rev. Stat. 1941, chap. 122, par. 158a.) It is therefore evident that this indebtedness must be appropriated for in each annual school budget.

Appellants lastly maintain that the 1921 law was superseded by a law enacted in 1927 which amended section 154 of the School Law by reducing the specific tax levy required for the public school teachers' pension and retirement fund. (Laws of 1927, p. 841; Smith-Hurd Stat. 1927, chap. 122, par. 177.) The rate prescribed by this section was levied in each of the years 1928, 1929 and 1930. It is claimed that this exhausted the taxing power for teachers' pension purposes; that the specific limit controls the taxing power, as against the more general provisions in section 165; and that the two provisions cannot be reconciled. The principles invoked by appellants do not apply. Section 165 expressly provides that the appropriation therein required shall be "in addition to demanding and directing the annual tax levy hereinbefore provided for." In 1921 section 154 of the School Law prescribed such an annual tax levy. The legislature, in amending it, must be presumed to have had full knowledge of the provisions of section 165.

The judgment of the county court is not in error on any of the grounds assigned by appellants, and it is accordingly affirmed.

*Judgment affirmed.*