**WYOMING STATE TREASURER as Statutory Trustee of the Firemen's Pension Fund, Appellant (Plaintiff below),**

v.

**CITY OF RAWLINS, Appellee (Defendant below).**

**No. 4180.**

Supreme Court of Wyoming.

May 21, 1973.

Donald L. Painter, Special Asst. Atty. Gen., Cheyenne, for appellant.

Bates & Crow, C. L. Bates and John W. Crow, Rawlins, for appellee.

Kline & Tilker and B. D. Trierweiler, Cheyenne, for amicus curiae.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

When the City of Rawlins failed to make contribution to the Firemen's Pension Fund, required by § 15.1–305, W.S. 1957, C.1965, 1971 Cum.Supp., and the state treasurer, who by statute is required to administer the fund, brought suit for the amount of the arrearage with a request that an order be issued directing the payment of further fund installments, the defendant city answered, challenging the statute as unconstitutional.

It is uncontroverted that the sum sought by the treasurer was due if the statutes (§ 15.1–304, ff., W.S.1957, C.1965) were valid. When the treasurer moved for summary judgment, the motion was denied; but summary judgment for the city was issued, the court, inter alia, finding that § 15.1–305 was unconstitutional and in violation of §§ 28 and 34, Art. 1, Wyo.Const.; and the treasurer has appealed, urging the following points as bases for reversal:

1. The defendant cannot assert the unconstitutionality of statutes enacted by the legislature, especially where as here it has received the benefits guaranteed by that legislation.

2. The payment required by the statute is not a tax within the meaning of Art. 1, § 28, Wyo.Const., or if it is, it is constitutionally applied equally and uniformly.

3. There is no violation of Art. 1, § 34, Wyo.Const.

As a prelude to any discussion, it may be well to note that this litigation is of minimal future significance because of amendments made by the 1973 legislature to §§ 15.1–303, 15.1–304, and 15.1–305, W.S.1957, C.1965, 1971 Cum.Supp.

■ It is axiomatic that cities have only such powers as are granted by the legislature, and they cannot challenge the legality of legislation passed by their creators. State ex rel. Fire Fighters Local 279, I. A. F. F. v. Kingham, Wyo., 420 P.2d 254, 257–258; 56 Am.Jur.2d Municipal Corporations, Counties, and Other Political Subdivisions, § 99; and Annotation, 116 A.L.R. 1037. The city makes some attempt to distinguish the Kingham case on the ground that it dealt with reserved questions and for the further reason that we stated therein the rule was not inviolate. Neither suggested reason is persuasive. We see no distinction in whether or not we passed upon a reserved question or the question is presented by appeal from a judgment. As to the point that it is not inviolate, we hold now, if we did not then, that it is the general rule and is to be applicable unless there is particular reason to the contrary.

The principle announced in the Kingham case really disposes of the instant situation and indicates the necessity for reversal; however, it may be apropos to briefly discuss the matter somewhat further.

■ We are unpersuaded that the provision in § 15.1–305, "each city * * * shall contribute annually to the pension fund an amount equal to not less than six-tenths (⁶⁄₁₀ths) of one (1) mill, nor more than one (1) mill, on all assessed property therein, as required to meet the demands of the fund," constitutes a tax; and there is no cogent authority presented to so indicate. Defendant cites District Board of Tuberculosis Sanatorium Trustees for Fayette County v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348, and People ex rel. Nelson v. Jackson-Highland Bldg. Corporation, 400 Ill. 533, 81 N.E.2d 578, as support for its position; but both cases relate to statutes which provided for a *tax levy* instead of having the requirement as here for the city to make a contribution of defined size. The fact that the amount required to be paid is measured by reference to an assessment does not make it a tax. While the contribution might possibly come from taxes, there are many other sources of money for a city from which its obligations can be met. Moreover, it is self-evident that the city itself pays no taxes.

Reversed.