In the Matter of the ESTATE OF George Herbert JACKSON, Deceased:

Raymond William DeVRIES and Merlin Chenoweth, Personal Representatives of the Estate of George Herbert Jackson, Appellants (Respondents),

v.

Steve DEVENYNS and Karen Devenyns, Appellees (Petitioners).

No. 94–55.

Supreme Court of Wyoming.

March 10, 1995.

John P. Worrall and John W. Davis of Davis, Donnell, Worrall & Bancroft, P.C., Worland, for appellants.

Chris D. Edwards of Simpson, Kepler & Edwards, Cody, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellants, personal representatives of the estate of George Herbert Jackson, appeal the probate court's order of conveyance in favor of appellees. Appellants claim a writing signed by George Jackson purporting to sell seventy-nine acres, reserve approximately one acre, and sell machinery is unenforceable because the agreement does not sufficiently describe the property as required by WYO. STAT. § 1–23–105 (1988), the statute of frauds. Following appellees' petition under WYO.STAT. § 2–7–601 (1980), the probate court determined the writing satisfied the statute of frauds, was enforceable, and ordered the estate's personal representatives to perform the contract.

We hold the agreement's property description is insufficient to meet the requirements of the statute of frauds and reverse the order of conveyance.

Appellants present these issues:

1. Did the February 9, 1993 memorandum of Steve Devenyns and the Deceased, George H. Jackson, comply with the requirements of the Wyoming Statute of Frauds in the following particulars:

A. Did the memorandum sufficiently describe the properties to be sold?

B. Did the memorandum sufficiently describe the terms and conditions of the credit transaction entered into between the parties?

C. Was the right to use 9 acres sufficiently described?

D. Was the purported option sufficiently described?

Appellees presented these issues:

I. Does the written memorandum, evidencing the agreement between George Jackson and Steve and Karen Devenyns, dated February 9, 1993, satisfy the requirement of the statute of frauds and adequately describe the real property?

II. Did the appellants waive any objection to the adequacy of the credit terms, the use of nine acres, and the option, as contained in the contract?

III. Are the essential elements of a contract present in the written memorandum?

IV. Was the right to "use of 9 acres" personal to the deceased George Jackson and no longer enforceable?

V. If the option described in the agreement is insufficient under the statute of frauds, is that portion of the agreement divisible?

## FACTS

On February 9, 1993, George Jackson (Jackson) and his neighbors, Karen and Steve Devenyn (Devenyns), drafted and signed a document which reads as follows:

George Jackson agrees to sell 79 acres and machinery to Steve and Karen Devenyns for $120,000.00

1. 2 annual down payments of 12,500 starting in __93 $75000.00 will be carried for 13 years at 7% interest payable in yearly payments starting 1995.

2. On the seventh year 2001 20,000.00 will be added to the balance of the mortgage payable at 7% interest

3. George has complete right to farm 79 acres for 3 yrs or less. He pays all water & farming expenses for the first year. Devenyns splits farming & water for 2–3rd yr. but can have hay

4. Devenyns begins paying taxes in 93 for 79 acres.

5. George has right to use 9 acres for 6 yrs and at the end of the 6th year the $20,000 is added to mortgage.

6. As far as mineral rights each party will retain 50% of mineral rights with any leasing to be done by mutual consent.

7. Pumphouse and waterline remain property of George and he shall have easement to pumphouse.

8. Devenyns agree[ ] not to sell 9 acres which contains pumphouse at least until after place is paid for—15 years.

[Drawing—See Attachment A]

George want[s] to keep yard intact which is area 66' × 114' as well as area around house approximately 1.3 acres 168' × 325'.

Devenyns ha[ve] first option to buy on property

George will provide title insurance and survey house and approximately 1.3 acre from total. This survey can be done within 5 months.

These matters were discussed by both parties on 2/9/93 and agreed upon

Steve Devenyns

George H. Jackson

Jackson died on May 8, 1993. After the attorney for Jackson's estate refused the Devenyns' request to honor the contract, the Devenyns petitioned for an order of conveyance as permitted by Wyo.Stat. §§ 2–7–601 through 2–7–607 (1980).

The estate objected to the petition, contending the property description did not comply with the statute of frauds' requirement that the document itself sufficiently describe the property to be conveyed. The estate filed a motion in limine, objecting to proposed testimony as violative of the parol evidence rule, the statute of frauds, and possibly the dead man statute. However, the probate court heard testimony from witnesses for the Devenyns and considered parol evidence to determine whether the document satisfied the statute of frauds.

The probate court determined that this Court's decision in *Noland v. Haywood,* 46 Wyo. 101, 23 P.2d 845 (1933) was dispositive on the issue of parol evidence to aid a prop-erty description. The probate court found that *Noland* required the memorandum to tell or contain within it a key to unlock further information before parol evidence was admissible. The probate court found that the present agreement did tell or contain the key to permit further information from parol evidence.

From parol evidence, the probate court determined that Jackson had used words of ownership referring to the eighty acres of real property he owned in Park County, Wyoming, and that Jackson did not own any other real property in the world. The probate court further found that Jackson had conveyed his seventy-nine acre farm, but had reserved out an approximate one acre parcel containing Jackson's house and yard. The probate court held that the reserved one acre could be satisfactorily determined by a surveyor using the dimensions found on page two of the agreement, and the sketch found on page three, as well as from assistance of witnesses who testified at the hearing that they could point out the specific area based on conversations with Jackson. The probate court held the agreement was enforceable and ordered conveyance by the estate to the Devenyns. This appeal followed.

## STANDARD OF REVIEW

The probate court's findings are presumed correct and will stand unless clearly erroneous or inconsistent with the evidence or contrary to the great weight of the evidence. *Chapman v. Mutual Life Ins. Co. of New York,* 800 P.2d 1147, 1150 (Wyo.1990). The probate court's conclusions of law are affirmed if in accordance with law, but corrected if not in accordance with law. *Parker Land and Cattle Co. v. Wyoming Game and Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo. 1993). Whether the writing's property description is sufficiently definite to satisfy the statute of frauds is a question of law. *See Brooks v. Hackney,* 329 N.C. 166, 404 S.E.2d 854, 858 (1991).

## DISCUSSION

1. *Statute of Frauds*

A proceeding under Wyo.Stat. § 2–7–601 is similar to and is, in practical effect,

an action for specific performance. *See In re Bailey's Estate*, 42 Cal.App.2d 509, 109 P.2d 356 (1941). By petitioning under Wyo.Stat. § 2–7–601, one invokes the court's probate jurisdiction. The statute charges the probate court to order conveyance:

> When a person who is bound by contract in writing to convey any real estate dies before making the conveyance, and in all cases when the decedent, if living, might be compelled to make the conveyance, the court may order his personal representative to convey the real estate to the person entitled thereto.

Wyo.Stat. § 2–7–601 (1980).

██ A written memorandum purporting to convey real estate must sufficiently describe the property so as to comply with the requirements of the statute of frauds and permit specific performance. *Noland*, 23 P.2d at 845.

Wyo.Stat. § 1–23–105 states:

> (a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:
>
> ....
>
> (v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year[.]

The question of what constitutes a memorandum sufficient to satisfy the statute of frauds is set forth in Restatement (Second) of Contracts, § 131 (1979) as follows:

> § 131. General Requisites of a Memorandum
>
> Unless additional requirements are prescribed by the particular statute, a contract within the Statute of Frauds is enforceable if it is evidenced by any writing, signed by or on behalf of the party to be charged, which
>
> (a) reasonably identifies the subject matter of the contract,
>
> (b) is sufficient to indicate that a contract with respect thereto has been made between the parties or offered by the signer to the other party, and
>
> (c) states with reasonable certainty the essential terms of the unperformed promises in the contract.

This section was approved and adopted as the law in Wyoming by this Court in *Richardson v. Schaub*, 796 P.2d 1304, 1310 (Wyo. 1990). This Court's decision in *Noland* concluded that a valid contract to convey land must expressly contain a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source which the writing itself designates. *Noland*, 23 P.2d at 846, 850–51. *Noland* expressly prohibited supplying the writing's essential provisions by inferences or presumptions deduced from oral testimony. *Id.* at 851.

### 2. *Parol Evidence*

██ The parties both recognize that the central issue is the adequacy of the property description supplied in the agreement to satisfy the statute of frauds. The estate contends the probate court improperly relied upon parol evidence in deciding the document had sufficiently described Jackson's property in satisfaction of the statute of frauds. The general rule for Wyoming is that parol evidence is admissible to identify described property, but parol evidence may not supply a portion of the description. *Noland*, 23 P.2d at 846.

██ This writing insufficiently describes the property it purports to convey, to reserve, and for which it grants an option to purchase. All three of these land transactions fall under the statute of frauds and each must be sufficiently definite in description to satisfy the statute of frauds or, as a matter of law, the contract is void because an essential term has been omitted. *Noland*, 23 P.2d at 851. We also note that if the description of the property reserved out of the tract to be conveyed is indefinite and uncertain, then the general description of the land to be conveyed is indefinite and the entire conveyance must fail. *See Montanaro Bros. Builders, Inc. v. Snow*, 190 Conn. 481, 460 A.2d 1297, 1300 (1983).

The writing's first description is of the property to be conveyed and simply states: "George Jackson agrees to sell 79 acres ...."

*Noland* considered the question presented when only a number of acres are expressed and favorably reviewed cases from those jurisdictions which held such a description is insufficiently definite to identify the land without recourse to extrinsic evidence. *Noland*, 23 P.2d at 846, 850.

Nevertheless, the Devenyns urge the writing's use of words such as "remain," "retain," and "keep" was correctly found by the probate court to indicate that Jackson was selling property he owned at that time and that these words are a "key" or "index finger" which, under *Noland*, permits parol evidence that Jackson only owned this property in all of the world and, therefore, the location of conveyed property is described. However, *Noland* determined that Wyoming required greater certainty in the description provided by the writing before extrinsic evidence is permitted to supplement. *Noland*, 23 P.2d at 846. To the extent that the Devenyns perceive later decisions as having relaxed the certainty required in the writing's land description, we clarify that there has not been any liberalization. Greater certainty requires the description of the land be sufficiently definite to locate it without recourse to oral testimony, unless the writing contains a reference to another instrument which does contain a sufficient description. *See Howell v. Inland Empire Paper Co.*, 28 Wash.App. 494, 624 P.2d 739, 740 (1981). Teasing out an inference of ownership from provisions not concerned with describing the property does not satisfy the certainty requirement and violates *Noland's* prohibition against inferences. *Noland*, 23 P.2d at 851.

When a writing only states the total acreage without any description of the location of the land involved, the statute of frauds' requirement that the subject matter be reasonably certain is not satisfied and the contract is void. *See Bordeau v. Oakley*, 185 A.D.2d 417, 585 N.Y.S.2d 623, 625 (1992).

Without the prohibited supplied inference of ownership, the present description only provides the total acreage, does not provide any certainty that this particular tract was intended to be conveyed and, consequently, is too uncertain to be enforced. *See Wilson v. Hoffman*, 298 S.W.2d 317, 319 (1957) and *Branstetter v. Barnett*, 521 S.W.2d 818, 820–21 (Tenn.App.1974).

The descriptions for the property reserved and for the option also fail to satisfy the statute of frauds. The reserved property boundaries can only be ascertained by witnesses actually directing a surveyor on-site according to the witnesses' memory of Jackson's boundary description. Parol evidence cannot supply a portion of the description. *Noland*, 23 P.2d at 846. The option granted in the document does not provide any description at all, leaving unclear for what property an option was granted.

## CONCLUSION

The parol evidence received in this case reveals that fraud is not a concern and leaves no doubt as to the identity of the property involved, but the property was not described in the agreement and the agreement cannot be enforced. The legislative policy justifying the statute of frauds requires this Court to test not what the parties to the contract know, but what they put in the contract as the description. A description cannot be supplied by parol proof because that allows in the harm which the statute was intended to prevent. The probate court erred as a matter of law in accepting parol evidence to describe the land.

In view of our decision that the contract is unenforceable under the statute of frauds, it is unnecessary to consider other issues. The order of conveyance is reversed.

ATTACHMENT A