In the Matter of the ESTATE
OF Alexander LOHRIE,
Deceased.

No. 97–112.

Supreme Court of Wyoming.

Dec. 22, 1997.

William D. Bagley, Cheyenne, for Beverly Joan Copeland.

Gregory C. Dyekman and Brandin Hay of Dray, Thomson & Dyekman, P.C., Cheyenne, for Vera E. Hjelm.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

The personal representative for the estate of Alexander Lohrie petitioned the district court for an order of distribution for property named in the Alexander and Marguerite Lohrie Revocable Trust and in the Last Will and Testament of Alexander Lohrie. Appellant Beverly Joan Copeland was a devisee to a house under the will. Appellee Vera E. Hjelm was the sole beneficiary of that same house under the trust. The district court held that the will and the trust were inconsistent, the will did not revoke the trust, the house belonged to the trust, and it should be given to Hjelm as directed by the trust. The district court dissolved the trust and vested Hjelm with sole title to the house. Copeland appeals.

We affirm.

## ISSUES

Copeland provides this issue for our review:

Is the clear intent of the 1995 Will of the deceased frustrated by a prior contrary provision in his Revocable Trust?

Hjelm contends that Copeland's arguments result in the following issues requiring review:

I. Was the district court correct in finding that Alexander and Marguerite Lohrie effectively conveyed their interest in real property located at 908 Stevens Drive, Cheyenne, Laramie County, Wyoming to the Alexander and Marguerite Lohrie Revocable Trust?

II. Was the district court correct in finding that Alexander Lohrie's January 5, 1995 Last Will and Testament did not revoke the Alexander and Marguerite Lohrie Revocable Trust?

III. Did the Alexander and Marguerite Lohrie Revocable Trust fail for want of a successor trustee?

IV. As a matter of Wyoming law, are revocable trusts (rendered irrevocable upon the death of the grantor) enforceable?

## FACTS

Lohrie and his wife, Marguerite, established the Alexander and Marguerite Lohrie Revocable Trust with Alexander Lohrie as Trustee on December 23, 1983. The trust provided that it could be revoked at any time during the lifetime of the last of the settlors to die as long as the revocation was in writing and delivered to the trustee. The trust contained two assets, a house at 311 Vaughn Court in Cheyenne and a house located on 908 Stevens Avenue in Cheyenne. Mrs. Lohrie died on August 23, 1986. On November 3, 1987, Lohrie amended the trust and named Copeland as the primary beneficiary of the trust if she survived Lohrie. On June 9, 1988, Lohrie amended the trust again naming the First Wyoming Bank, later known as Key Bank, as successor trustee. On August 22, 1988, Lohrie amended the trust for the third time, providing that Copeland would still be the primary beneficiary if she were not married to someone else at the time of Lohrie's death.

Lohrie executed a fourth amendment to the trust on December 20, 1989, providing that the successor trustee was to distribute a house at 311 Vaughn Court in Cheyenne

to Beverly Joan Copeland for life (a legal life estate), with remainder over to those of her children who survive Alexander Lohrie. If Beverly Joan Copeland does not survive Alexander Lohrie, then Successor Trustee shall distribute said real estate, in equal shares, share and share alike, to those children of Beverly Joan Copeland who survive Alexander Lohrie.

The fourth amendment also provided that the successor trustee distribute the rest and re-

mainder to Vera E. Hjelm. Lohrie later sold the house at 311 Vaughn Court.

On January 5, 1995, Lohrie executed a last will and testament. It provided in part as follows:

I direct that my house at 908 Stevens Drive, Cheyenne, Wyoming, be sold along with the contents not devised elsewhere in this Will. The proceeds from said house and said contents shall pass in equal shares to my friend Jody Copeland, of 2400 Missile Drive, Cheyenne, Wyoming, and my friend Vera E. Hjelm of 224 Prospect Land, Apartment 8, Billings, Montana, or the survivor of them.

Lohrie died on April 13, 1996. Hjelm claimed that the house at 908 Stevens Drive should be distributed according to the trust, not the will, because Lohrie never revoked the trust. Copeland claimed that the will revoked the trust so the house should be distributed according to the will or, in the alternative, that the trust was invalid because the named successor trustee refused to accept and because the house was not properly deeded to the trust.

Lohrie's personal representative petitioned the court for a declaration concerning the distribution of the property, and a hearing was held. The attorney who drafted the 1995 will testified at the hearing that Lohrie had told him of the trust but refused to let him see it. He drafted the will's provisions distributing the house upon the instructions of Lohrie. The court determined that the will and the trust were inconsistent, and the issue before it was whether Lohrie effectively revoked the trust. Finding that a will can revoke a trust under specific circumstances, the court ruled that none of those circumstances were present in this case, and the trust controlled distribution of the house because of the inconsistency. It held the house belonged to the trust and was to be distributed to Hjelm, and because the purpose of the trust was fulfilled, the court dissolved the trust and vested Hjelm with title to the house. This appeal followed.

## DISCUSSION

### Standard of Review

■ The parties agree that the district court's order set out correct findings of fact,

and Copeland appeals from the district court's conclusions of law. The district court's conclusions of law are affirmed if in accordance with law, but are corrected if not in accordance with law. *Matter of Estate of Jackson,* 892 P.2d 786, 788 (Wyo.1995).

### Validity of Trust

■ Copeland begins by contending that Wyoming has never recognized the validity of revocable trusts and should not do so. An *inter vivos* trust is a trust created by the grantor during the grantor's lifetime to go into effect during the grantor's lifetime. *Soltis v. First of America Bank–Muskegon,* 203 Mich.App. 435, 513 N.W.2d 148, 150 (1994) (citing 76 AM.JUR.2D *Trusts* § 11 at 41). In contrast, a testamentary trust is a trust contained in a will, which goes into effect at the testator's death. *Id.* The elements of a valid trust are a competent settlor and trustee, the settlor's intent to create a trust, ascertainable trust res, sufficiently ascertainable beneficiary or beneficiaries, a legal purpose and a legal term. *Hilbert v. Benson,* 917 P.2d 1152, 1157 (Wyo.1996). We have defined a trust as follows:

[A] trust is a fiduciary relationship in which one person is the holder of the title to property subject to an equitable obligation to keep or use the property for the benefit of another.... "A trust is an obligation imposed, either expressly or by implication of law, whereby the obligor is bound to deal with property over which he has control for the benefit of certain persons, of whom he may himself be one, and any one of whom may enforce the obligation."

*Scotti's Drive In Restaurants, Inc. v. Mile High–Dart In Corp.,* 526 P.2d 1193, 1196–97 (Wyo.1974) (citing Bogert, Law of Trusts, § 1 (5th Ed.); quoting 15 Law Q.Rev. 301).

Copeland contends that the revocable trust does not qualify as a trust under these definitions because it does not bind the holder or trustee for the benefit of another, no intended beneficiary has the power to enforce the obligation of the trustee, and there is no fiduciary relationship between the beneficia-

ries and the trustee. Upon Lohrie's death, his revocable trust became irrevocable. This Court has construed and given effect to revocable trusts after the death of the settlor made them irrevocable in *First National Bank & Trust Co. of Wyoming v. Brimmer*, 504 P.2d 1367 (Wyo.1973), and *Hronek v. St. Joseph's Children's Home*, 866 P.2d 1305, 1307 (Wyo.1994), and Copeland does not dispute that this trust satisfies the elements of a valid *inter vivos* trust. *Hilbert*, 917 P.2d at 1157. Additionally, the district court enforced the express terms of the trust to the benefit of the named beneficiary, Hjelm, contrary to Copeland's argument. Her arguments against revocable trusts listed above are not applicable to this particular case and need not be addressed.

Next, Copeland contends that the Session Laws of Wyoming, 1947, Chapter 154, which are now WYO. STAT. §§ 34–2–122 and 123, amended in 1992, required the deed from Alexander and Marguerite Lohrie to their trust to identify the trustee and beneficiaries by name and include the date of the trust's creation. Chapter 154 states:

> AN ACT for the protection of those dealing with trustees, agents and representatives; prescribing authority of trustees, agents and representatives where trust provisions are not set forth or beneficiaries are not named in the instrument of conveyance to such trustee, agent or representative and providing that any such existing or past conveyance shall not be notice unless related, sworn statement is filed within ten years.

> * * *

> **Instruments of Conveyance—Requirements for.**
>
> **Section 1.** In all instruments conveying real estate, or interests therein, in which the grantee is described as trustee, agent, or as in any other representative capacity, such instruments of conveyance shall also name the beneficiary or beneficiaries so represented and define the trust or other agreement under which the grantee is acting, or shall refer by proper description of the affecting record book, page, document number or file, to the instrument, order, decree or other writing, which is of public record in the county in which the land so conveyed is located and in which such related matters appear; otherwise the description of a grantee in any representative capacity as aforesaid in each such instrument of conveyance shall be considered and held to be a description of the person, only, and shall not be notice of any trust, agency or other representative capacity of such grantee who shall be held as vested with the power to personally convey, transfer, encumber or release the affected title and whenever he, she or it shall execute and deliver a conveyance, transfer, encumbrance or release of such property in such representative capacity, such shall not thereafter be questioned by anyone claiming as a beneficiary under such trust or agency or by anyone claiming by, through or under any undisclosed beneficiary, provided that none of the trust property in the name of such trustee, agent or representative and owned only as such, shall be liable for his, her or its personal obligations.

> **Grantee, Beneficiary or Beneficiaries.**
>
> **Section 2.** At the expiration of ten years after this Act becomes effective, all instruments of conveyance to, or transfer, encumbrance or release of, lands or any interest therein within the State of Wyoming, which name a grantee in such representative capacity, and fail to name the affected beneficiary or beneficiaries or to define the trust or other agreement . . . shall cease to be notice of any trust. . . .

1947 Wyo. Sess. Laws Ch. 154.

Hjelm contends that this law was enacted to address attempts during the Depression era where persons attempted to cloud title to real property in order to defeat creditors' claims. Referring to Annotation, 137 A.L.R. 460 (1947), she explains that debtors would convey property to individuals in trust without describing the trust, which usually did not in fact exist. This law was passed to require that trusts be described in deed, but she contends that it does not invalidate a conveyance, but acts to deprive a non-complying deed of the effect of constructive notice to third parties.

■ The warranty deed conveyed property from Alexander Lohrie and Marguerite Lohrie, Husband and Wife, grantors, to the Alexander and Marguerite Lohrie Revocable Trust, grantee. It states that the trust was executed that same day. The deed complies with the plain requirement of the statute because the statute requires the deed name the beneficiaries only when the grantee is a trustee or other individual agent. In this case, there is no requirement to name the beneficiaries. Copeland does not provide any authority that our plain reading of the statute is not correct, and we, therefore, agree with Hjelm that Copeland misreads the statute. The trial court's ruling that the deed properly conveyed the property to the trust is affirmed.

■ Copeland also contends that the trust fails for lack of a successor trustee or provision for appointment of a successor trustee. This argument is without merit since our rule is that a trust will not fail for lack of a trustee. *Rodin v. State ex rel. City of Cheyenne,* 417 P.2d 180, 199 (Wyo.1966); *Kerper v. Kerper,* 780 P.2d 923, 939 (Wyo. 1989), *appeal after remand,* 819 P.2d 407 (Wyo.1991). Copeland offers no argument that this rule does not apply to a successor trustee; we see no reason why it would not, and we find that the district court did not err in enforcing the trust.

*Effect of Will*

Having concluded that the property was validly conveyed to the trust, we reach Copeland's final argument that Lohrie intended that the will should revoke the trust, and the district court erred in its determination that it did not.

■ Revocation may only be exercised in the manner specified. *Matter of Estate of Sanders,* 261 Kan. 176, 929 P.2d 153, 158 (1996) (citing 76 AM.JUR.2D *Trusts* § 97 at 134). The provision in Lohrie's trust that reserved the power to revoke reads as follows:

### ARTICLE IV POWERS RESERVED TO GRANTOR

A. Grantors, and the survivor of them, reserve full and complete power to alter, amend, modify or revoke this Trust at any time during Grantors' lives, by an instrument in writing executed by Grantors and delivered to Trustee....

■ A trust agreement is governed by the plain meaning contained in the four corners of the document. *Hronek,* 866 P.2d at 1307. Plainly, the provision requires the revocation to occur during the lifetime of the last of the settlors. Lohrie's will was not effective until after his death and cannot have revoked the trust during his lifetime. Furthermore, the trust was not revoked by his execution of the will. The general rule is that a will cannot revoke a trust unless it specifically states that intention. *Estate of Sanders,* 929 P.2d at 162; John P. Ludington, LL.B., *Exercise by Will of Trustor's Reserved Power to Revoke or Modify Inter Vivos Trust,* 81 A.L.R.3d 959 (1977); 4 WILLIAM F. FLETCHER, SCOTT ON TRUSTS § 330.8 at 364 n. 10 (4th ed.1989). Concerning the effect of a will on a revocable trust, we further adopt the majority rule as stated in *Sanders:*

> the settlor of an inter vivos revocable trust who has reserved the power to amend or revoke the trust during the settlor's lifetime by a writing delivered to the trustee which specifies the terms of such amendment or revocation, does not amend or revoke the trust by the execution of a will void of any statement or provision relating to the existing trust.

*Id.* 929 P.2d at 162. Lohrie's will made no mention of his trust at all and, under this rule of law, cannot have revoked the trust during Lohrie's lifetime.

The order of the district court is affirmed.