2003 WY 90

**Leon PULLAR and Linda Pullar, Appellants (Defendants),**

v.

**Gerald HUELLE and Cinda Lou Huelle, husband and wife, Appellees (Plaintiffs).**

No. 02–192.

Supreme Court of Wyoming.

July 31, 2003.

_____

Tassma A. Powers of Perkins & Powers, P.C., Casper, Wyoming, Representing Appellants.

Ken McCartney of the Law Offices of Ken McCartney, P.C., Cheyenne, Wyoming, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] Leon and Linda Pullar (appellants) appeal from a summary judgment granted to Gerald and Cinda Lou Huelle (appellees) in a dispute over a real estate purchase contract. The district court found that the contract did not violate the statute of frauds, and that the appellants had anticipatorily breached the contract. We reverse.

### ISSUES

[¶ 2] Both parties identify the following issues:

I. Whether the District Court erred as a matter of law in finding that the Contract was legally binding on [the appellants] and [that] they were required to perform.

II. Whether the District Court erred as a matter of law in finding that the [appellants] anticipatorily breached or repudiated the Contract.

III. Whether the District Court erred as a matter of law in finding that the contract was ambiguous but appropriate for summary judgment.

IV. Whether the District Court erred as a matter of law in finding that the legal description did not violate the statute of frauds.

V. Whether the District Court erred as a matter of law in awarding Appellees the $40,000.00 without a finding of reasonableness or presentation of actual damages and without providing the [appellants] with due process.

### FACTS

[¶ 3] The appellants contacted a realtor about purchasing land in Fremont County. The realtor showed them property owned by the appellees. On April 3, 2001, the appellants signed a Contract to Buy and Sell Real Estate (the contract). Significant terms of the contract included:

1. The property was described as "the following described real estate situate in the City or Town of Pavillion, County of Fremont, Wyoming, commonly known as and more particularly described as ... [a] parcel of land in the NW1/4SW1/4, Sec. 16, T.3N., R2E., W.R.M., Fremont County, Wyoming."

2. The purchase price was $148,500.00.

3. An earnest money deposit of $40,000.00 was required, and in case of default by the appellants, the appellees "may elect to terminate the Contract and retain all payments made hereunder as liquidated damages, such amount being agreed by the parties hereto to constitute compensation for the loss of opportunity suffered by [the appellees] due to such breach."

4. On April 6, 2001, the appellees were to produce a commitment for a title insurance policy in the amount of the purchase price.

5. The appellants' offer was "contingent upon property appraising for at least the sale price."

6. Closing was to occur on April 10, 2001, with the appellants having the right to pre-closing possession on April 7, 2001.

[¶ 4] The appellees accepted the appellants' offer by signing the contract on April 4, 2001. On April 5, 2001, before they were informed of the contract's acceptance, the appellants told the realtor that they wanted to rescind their offer.[1] The realtor told them that rescission was not possible. The appellants followed up their oral "rescission" with a letter to the realtor that read:

> This letter is to confirm the rejection of the [appellees'] property. Make the cashier check out to both Leon & I and deliver to us now.
>
> As you are the listing agent this contract is not valid.

[¶ 5] The appellants did not purchase the land. The appellees brought this action, seeking a declaration by the district court that the appellants had breached the contract and that the appellees were entitled to the earnest money deposit plus attorney's fees.

### STANDARD OF REVIEW

[¶ 6] Summary judgment is appropriate in a declaratory judgment action so long as there are no genuine issues of material fact.[2] *Snake River Brewing Co., Inc. v. Town of Jackson*, 2002 WY 11, ¶ 4, 39 P.3d 397, 402 (Wyo.2002). We recently repeated our standard for review of summary judgments rendered under W.R.C.P. 56:

> When a motion for summary judgment is before this court, assuming there is a complete record, we have exactly the same duty and materials as did the district court and must follow the same standards. *Hob-*

---

1. These facts are being presented in the light most favorable to the appellants. The appellants contend that they attempted to "rescind [their] offer...." The realtor testified by affidavit that the appellants attempted to "cancel the Contract."

2. Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2003) states: "Any person interested under a ... contract ... may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations." While there is some question whether a declaratory judgment action is an appropriate method to seek damages for breach of contract, that issue has not been raised and the parties have generally treated this as a breach of contract action. *See Porcelain Enamel & Manufacturing Co. of Baltimore v. Jeffrey Mfg. Co.*, 177 Md. 677, 11 A.2d 451, 453 (1940); *Jacobsen v. King County Medical Service Corp.*, 23 Wash.2d 324, 160 P.2d 1019, 1021 (1945); and Annotation, 26 C.J.S., *Declaratory Judgments* § 57 (2001). *But see, Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1167–68 (Wyo. 1982) ("the existence of another adequate remedy will not, of itself, preclude declaratory judgment relief.").

*lyn v. Johnson,* 2002 WY 152, ¶ 11, 55 P.3d 1219, ¶ 11 (Wyo.2002). The propriety of granting summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and the prevailing party is entitled to judgment as a matter of law. *Id.* This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all the favorable inferences which may be drawn from the facts contained in affidavits, depositions, and other materials appearing in the record. *Id.*

The party moving for summary judgment bears the initial burden of establishing a prima facie case for a summary judgment. If the movant carries this burden, the party opposing the summary judgment must come forward with specific facts to demonstrate that a genuine issue of material fact does exist. *Eklund v. PRI Environmental, Inc.,* 2001 WY 55, ¶ 10, 25 P.3d 511, ¶ 10 (Wyo.2001). A material fact has been defined as a fact upon which the outcome of the litigation depends in whole or in part. *Hoblyn,* 2002 WY 152, ¶ 11, 55 P.3d 1219, ¶ 11.

*Bertagnolli v. Louderback,* 2003 WY 50, ¶¶ 10–11, 67 P.3d 627, 630–31 (Wyo.2003).

## DISCUSSION

█ [¶ 7] We find the fourth-listed issue to be determinative in this case. The statute of frauds requires contracts for the sale of real property to be in writing.[3] The appellants contend that the contract in this case fails to satisfy the statute of frauds because the legal description of the land is insufficient. The legal description in the contract reads as follows:

> [T]he following described real estate situate in the City or Town of Pavillion, County of Fremont, Wyoming, commonly known as and more particularly described as . . . [a] parcel of land in the NW1/4SW1/4, Sec.

16, T.3N., R.2E., W.R.M., Fremont County, Wyoming.

[¶ 8] This Court has on several occasions addressed the question of the sufficiency of a property description to meet the statute of frauds. *Noland v. Haywood,* 46 Wyo. 101, 23 P.2d 845, 845 (1933), was an action for specific performance of a real estate sales contract in which the land was described as "280 acres of Land on Clear Creek in Township [sic] 54—Range 79 . . . in Sheridan Co. . . . " In concluding that this description was insufficient under the statute, we held that the writing must contain an adequate description or must furnish the means by which the land can be identified. *Id.* at 848–49. The simple problem in *Noland* was that the writing did not specify what 280 acres were intended. *Id.* at 850.

[¶ 9] In *Flygare v. Brundage,* 76 Wyo. 350, 302 P.2d 759, 761 (1956), the property to be sold was described as 13 acres of land in the NE1/4NW1/4, Sec. 22, T. 41N., R. 116W., 6th P.M., Teton County, Wyoming, lying west of U.S. Highway 89 and 187. Upon examination of the abstract of title, it was discovered that the tract of land in that section lying west of the highway was only 7.9 acres. *Id.* at 760. We held that the error in total acreage did not make the description too vague to comply with the statute of frauds because there was no mistaking the land to be sold. *Id.* at 763.

[¶ 10] We most recently dealt with this issue in *Matter of Estate of Jackson,* 892 P.2d 786 (Wyo.1995). In *Matter of Estate of Jackson,* we first held that whether a writing's property description is sufficient under the statute of frauds is a question of law. *Id.* at 788. We then relied on *Noland,* 23 P.2d at 845, 846, 850–51, for the following propositions of law:

1. A written memorandum purporting to convey real estate must sufficiently describe the property so as to comply with the re-

---

**3.** Wyo. Stat. Ann. § 1–23–105(a) (LexisNexis 2003) states, in pertinent part:
  In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:

  * * *

  (v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year[.]

quirements of the statute of frauds and permit specific performance.

2. A valid contract to convey land must expressly contain a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source which the writing itself designates.

3. The writing's essential provisions may not be supplied by inferences or presumptions deduced from oral testimony. Parol evidence is admissible to identify described property, but parol evidence may not supply a portion of the description. *Matter of Estate of Jackson*, 892 P.2d at 789.

[¶ 11] In addition, specifically in regard to the facts in *Matter of Estate of Jackson*, 892 P.2d at 789–90, we also held:

4. Where a writing purports to convey land, but reserves a portion of it, if the description of the reserved tract is indefinite and uncertain, then the general description of the land to be conveyed is also indefinite and uncertain, and the conveyance fails under the statute of frauds.

5. Where a writing only states the total acreage and does not describe the location of the land, the statute of frauds is not satisfied.

[¶ 12] The description of the land in the contract in the instant case simply does not pass muster under these rules of law. The operative portion of the description is "[a] parcel of land in the NW1/4SW1/4, Sec. 16...." The phrase "a parcel of land" identifies neither the size nor the specific location of the land. And there is nothing within the contract that guides us to specific extrinsic evidence of those facts. Nothing is attached to the contract, incorporated into the contract, or even referred to in the contract that would provide the missing information. To go beyond the contract to determine both the size and location of the land being sold would undermine the very purpose of the statute of frauds.

## CONCLUSION

[¶ 13] The Contract to Buy and Sell Real Estate was void because its insufficient property description violated Wyoming's statute of frauds. Reversal of the summary judg-ment on that ground renders the other issues moot, although such reversal also requires reversal of the district court's damage award. We reverse and remand to the district court for entry of a judgment in favor of the appellants consistent with this opinion.