**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PLATTE VALLEY WYO-BRASKA
BEET GROWERS ASSOCIATION;
WHEATLAND BEET GROWERS
COOPERATIVE ASSN., INC.,

    Plaintiff - Appellant,

v.

IMPERIAL SUGAR COMPANY,

    Defendant - Appellee.

No. 03-8084
(D. Ct. No. 03-CV-109-WFD)
(D. Wyo.)

---

ORDER AND JUDGMENT   *

---

Before **TACHA** , Chief Circuit Judge,     **McWILLIAMS** , Senior Circuit Judge, and **LUCERO** , Circuit Judge.

---

Plaintiff-Appellant Platte Valley Wyo-Braska Beet Growers Association

("Platte Valley") filed a complaint against Defendant-Appellee Imperial Sugar

Company ("Imperial") alleging breach of contract, anticipatory repudiation, and

breach of the implied covenant of good faith.  Imperial then submitted a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting, among other things, that

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the document offered by Platte Valley does not comply with the Wyoming Statute of Frauds. The District Court agreed, granted Imperial's motion to dismiss, and refused to grant Platte Valley leave to amend the complaint. We take jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. INTRODUCTION

As an appeal from a motion to dismiss, we present the following facts from the complaint in the light most favorable to Platte Valley. [1] Platte Valley and Imperial began a series of discussions in 1999 concerning Platte Valley's potential purchase from Imperial of the Torrington Sugar Beet Processing Plant ("the Plant"). In April 2002, these discussions resulted in a written, exclusive negotiation agreement between the two parties, expiring on June 4, 2002. Although they did not reach an agreement by this time, negotiations continued.

On July 23, 2002, these talks resulted in "an agreement whereby Imperial would sell the Sugar Processing Plant and associated facilities in Torrington, Wyoming to Platte Valley . . . ." At the conclusion of these talks, Mr. Peiser,

---

[1] We note that Platte Valley submitted an email from Mr. Peiser and other documents to support its position on appeal. When evaluating a Rule 12(b)(6) motion, however, we cannot consider information outside the complaint without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) ("[A] motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence."). Thus, we will not consider on appeal any evidence outside the complaint and its attached exhibits.

President and CEO of Imperial, told officials from Platte Valley that "we have a deal."

On July 24, Imperial sent a written term sheet (the "Term Sheet") to Platte Valley that set forth the terms agreed to orally on the previous day. The Term Sheet described the property in question as the "Torrington, Wyoming Holly Beet Processing Plant." Paragraph 10 of the Term Sheet stated that "This term sheet is proprietary and confidential between the parties and shall not become binding on the parties until approved by their respective boards of directors and senior secured lenders."

Relying on this agreement, Platte Valley incurred significant expenses to obtain financing and prepare to purchase the Plant. Without prior notice, Imperial notified Platte Valley on September 24, 2002, that Imperial had already sold the Plant to American Crystal Sugar Company. Platte Valley responded by filing this diversity action.

Imperial, in turn, filed its motion to dismiss. Imperial based this motion on the fact that the document offered by Platte Valley, which purports to be the contract, does not comply with the Statute of Frauds and explicitly states that it does not bind either party prior to approval of the agreement by their boards of directors and senior secured lenders. During the motion to dismiss hearing, Platte Valley orally moved to amend its complaint, seeking to add a promissory estoppel

claim. The District Court granted Imperial's motion to dismiss and refused to allow Platte Valley to amend. Platte Valley timely filed this appeal, challenging the District Court's grant of the Rule 12(b)(6) motion and its refusal to allow an amendment to the complaint.

## II. FAILURE TO GRANT LEAVE TO AMEND

A.    Standard of Review

We review a district court's denial of a motion requesting leave to amend for abuse of discretion. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584 (10th Cir. 1993). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Id.* at 1585. Regardless of whether the district court itself cites a sufficient reason justifying its refusal to grant leave to amend, "we are free to affirm [the] decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Lambertsen v. Utah Dept. of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (internal quotations omitted).

B.    Merits

We conclude that the District Court did not abuse its discretion in denying Platte Valley's oral motion for leave to amend its complaint. Although the

District Court refused to consider this motion based on its policy against addressing Rule 15 motions during motion to dismiss hearings, the record contains other reasons supporting its denial. First, Platte Valley's motion for leave to amend suffered from undue delay. Platte Valley first raised it before the District Court at the end of its arguments opposing Imperial's motion to dismiss. This argument occurred two and a half months after Platte Valley filed its complaint and almost two months after Imperial submitted its motion to dismiss. By waiting until completion of its arguments on the motion to dismiss, Platte Valley gave the District Court virtually no time to consider properly its motion to amend. Nor did Platte Valley explain why it failed to present its Rule 15 motion earlier, instead of waiting until the eleventh hour of its case. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (holding that untimeliness alone can provide a sufficient reason to deny a motion for leave to amend).

Second, Platte Valley did not previously discuss this request with Imperial, as required by local rule. *See* U.S.D.C.L.R. 15.1 ("Motions to amend pleadings pursuant to Fed. R. Civ. P. 15(a) shall include a representation that the movant conferred with the opposing party to determine if the opposing party objected to the motion."). "Rules of practice adopted by the United States District Courts, as the one with which we are here concerned, have the force and effect of law, and

are binding upon the parties and the court which promulgated them . . . ." *Woods Const. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964). The District Court certainly acted within its discretion by refusing to consider a motion for leave to amend that did not comply with its own local rules.

Finally, Platte Valley failed to provide the District Court with a copy of its proposed amended complaint at the time that it submitted the motion to amend. "As the district court was not provided with a copy of the proposed amended complaint, it would have been impossible for the court to determine its viability." *Lambertsen*, 79 F.3d at 1030. The District Court acted prudently by refusing to consider the motion to amend until after ruling on the motion to dismiss, at which time it would have had the opportunity to obtain a copy of the proposed amended complaint and further evaluate its merits. For these reasons, we find that the District Court did not abuse its discretion by refusing to grant Platte Valley's motion for leave to amend. *See id.* at 1029-30 (upholding a district court's denial of a motion to amend when it was deemed untimely and did not includ a copy of the proposed amended complaint).

### III.  MOTION TO DISMISS

A.    <u>Standard of Review</u>

"We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted." *Miller v. Glanz*,

948 F.2d 1562, 1565 (10th Cir. 1991). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In making this review, we take the complaint's factual allegations as true and draw all reasonable inferences therein in favor of the plaintiff. *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1244 (10th Cir. 1999).

B.    Merits

The District Court granted Imperial's motion to dismiss based in part on the failure of the alleged contract to satisfy the Statute of Frauds. Specifically, the District Court stated that "the lack of a legal description and signature in the term sheet was a violation of [the] Wyoming Statute [of Frauds]." Agreeing with the District Court, we affirm its grant of Imperial's motion to dismiss.

The Wyoming Statute of Frauds provides that "every agreement [for the sale of real estate] shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith . . . ." Wyo. Stat. Ann. § 1-23-105(a). On its face, this provision prevents the July 23 oral agreement between Imperial and Platte Valley from

forming a binding contract.  As such, any contractual claims by Platte Valley must rest on the Term Sheet.

To comply with the Statute of Frauds, the written contract "must contain an adequate description or must furnish the means by which the land can be identified."  *Pullar v. Huelle*, 73 P.3d 1038, 1040 (Wyo. 2003).  Under Wyoming law, "a valid contract to convey land must expressly contain a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source which the writing itself designates."  *In re Estate of Jackson v. DeVries*, 892 P.2d 786, 789 (Wyo. 1995).  The only description of the property in the Term Sheet is the title of that document, which reads "Torrington, Wyoming Holly Beet Processing Plant."  The Term Sheet gives no other description of the property for sale nor does it reference any external source containing a more precise description.

This description does not satisfy the requirements for precision under the Wyoming Statute of Frauds.  As Imperial correctly notes in its appellate brief, the Term Sheet provides no indication of what constitutes the Holly Beet Processing Plant.  We are left uninformed about whether the Term Sheet includes, for example: the land surrounding the plant, the parking lot, privately-owned access roads, adjoining buildings, machinery, inventory, and any non-adjoining land owned by Imperial.  *See, e.g., Pullar*, 73 P.3d at 1040-41 (holding that the

description of property for sale as a "parcel of land in NW1/4SW1/4, Sec. 16 . . . Fremont County, Wyoming" did not satisfy the Statute of Frauds); *Estate of Jackson*, 892 P.2d at 790 (finding the Statute of Frauds unsatisfied when a contract listed seventy-nine acres for sale and seller only owned one other acre, on which rested his house, because the "writing [lacked a] . . . description of the location of the land involved").

Platte Valley suggests that we remedy this defect through extrinsic evidence. Wyoming courts, however, make clear that, although "parol evidence is admissible to identify described property, . . . [it] may not supply a portion of that description." *Estate of Jackson*, 892 P.2d at 789. Because we do not have sufficiently described property here, we must reject Platte Valley's attempt to augment this description through extrinsic evidence.

We also reject Platte Valley's argument that a balancing of the equities and its hardships mandates an exception to the Statute of Frauds. The Wyoming Supreme Court has cautioned that "[t]he tendency has been to restrict rather than enlarge . . . exceptions to the statute [of frauds], and the courts should not be tempted to turn aside from its plain provisions merely because of the hardship of the particular case." *Davis v. Davis*, 855 P.2d 342, 346 (Wyo. 1993). In other words, strict adherence to the statute is required, "[u]nless this case fits within one of the recognized exceptions to the statute of frauds . . . ." *Id.* Platte Valley

does not mention, and we have not found, any recognized exception to the Statute of Frauds satisfied here.  Thus, the Term Sheet cannot constitute a contract under the Statute of Frauds and Platte Valley cannot prove a set of facts entitling it to relief. [2]

## IV.  CONCLUSION

Based on the foregoing, we AFFIRM the District Court's grant of Imperial's motion to dismiss and its denial of Platte Valley's motion for leave to amend.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

[2] The District Court also based its order to dismiss on (1) the lack of a signature in the Term Sheet and (2) paragraph 10 in the Term Sheet, which states that the Term Sheet does not become binding until approved by both parties' "boards of directors and senior secured lenders."  Because the inadequate description of the property sufficiently supports the District Court's order, we need not address those issues on appeal.