2008 WY 43

**Richard A. COFFINBERRY,**
**Appellant (Plaintiff),**

v.

**The TOWN OF THERMOPOLIS,**
**a Municipal Corporation,**
**Appellee (Defendant).**

No. S–07–0261.

Supreme Court of Wyoming.

April 10, 2008.

Representing Appellant: Richard A. Coffinberry of Thermopolis, Wyoming, Pro se.

Representing Appellee: Michael S. Messenger and Wade Redmon of Messenger & Jurovich, P.C., Thermopolis, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This is a declaratory judgment action in which the appellant tests the authority of a municipality to adopt an ordinance holding the property owner liable for water, sewer, and sanitation service fees unpaid by a tenant.[1] We affirm summary judgment in favor of the municipality.[2]

## ISSUE

[¶ 2] Whether a municipality is statutorily authorized to hold a property owner liable for water, sewer, and sanitation service fees unpaid by a tenant?

## FACTS

[¶ 3] The appellant owns property within the Town of Thermopolis. In the past, the Town has required him to pay for water, sewer, and sanitation service fees unpaid by his tenants. Thermopolis Town Code § 14–606 (2000) reads as follows:

Sec. 14–606 Property owner liable for charges.

The owner of the property furnished water, sewer, or sanitation by the Town shall be liable for the utility charges incurred for such property; therefore, liability shall be imposed on the owner of the property for charges incurred by his tenants or agents.

## STANDARD OF REVIEW

[¶ 4] The district court granted the Town's motion to dismiss the appellant's initial petition, insofar as the petition sought any monetary relief, for failure to comply with the Wyoming Governmental Claims Act found at Wyo. Stat. Ann. §§ 1–39–101 through 1–39–121 (LexisNexis 2007). The appellant has not appealed from that order, but only from the summary judgment later granted to the Town. We will review this summary judgment under the following standard:

Summary judgment is appropriate in a declaratory judgment action so long as there are no genuine issues of material fact. *Snake River Brewing Co., Inc. v. Town of Jackson,* 2002 WY 11, ¶ 4, 39 P.3d 397, 402 (Wyo.2002). We recently repeated our standard for review of summary judgments rendered under W.R.C.P. 56:

When a motion for summary judgment is before this court, assuming there is a complete record, we have exactly the same duty and materials as did the district court and must follow the same standards. *Hoblyn v. Johnson,* 2002 WY 152, ¶ 11, 55 P.3d 1219, ¶ 11 (Wyo.2002). The propriety of granting summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and the prevailing party is entitled to judgment as a matter of law. *Id.* This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all the favorable inferences which may be drawn from the facts contained in affidavits, depositions, and other materials appearing in the record. *Id.*

The party moving for summary judgment bears the initial burden of estab-

---

1. Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2007) reads as follows:

 Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a

declaration of rights, status or other legal relations.

2. The appellant filed a motion for summary judgment. The Town did not. We have held, however, that "a district court may resolve a motion for summary judgment in favor of either party, even though only one has filed such a motion." *Young v. Hawks,* 624 P.2d 235, 239 (Wyo.1981).

lishing a prima facie case for a summary judgment. If the movant carries this burden, the party opposing the summary judgment must come forward with specific facts to demonstrate that a genuine issue of material fact does exist. *Eklund v. PRI Environmental, Inc.*, 2001 WY 55, ¶ 10, 25 P.3d 511, ¶ 10 (Wyo. 2001). A material fact has been defined as a fact upon which the outcome of the litigation depends in whole or in part. *Hoblyn,* 2002 WY 152, ¶ 11, 55 P.3d 1219, ¶ 11.

*Bertagnolli v. Louderback,* 2003 WY 50, ¶¶ 10–11, 67 P.3d 627, 630–31 (Wyo.2003).

*Pullar v. Huelle,* 2003 WY 90, ¶ 6, 73 P.3d 1038, 1039–40 (Wyo.2003) (footnote omitted). The parties concur that there are no genuine issues of material fact in this case.

### DISCUSSION

 [¶ 5] Municipalities can exercise only those express and implied powers that are granted to them by statute. *City of Buffalo v. Joslyn,* 527 P.2d 1106, 1107 (Wyo. 1974). Wyo. Stat. Ann. § 15–1–103 (Lexis-Nexis 2007) sets forth some of the express and implied powers granted to Wyoming municipalities in regard to the matters at issue—sewer, water, and sanitation (garbage collection):

(a) The governing bodies of all cities and towns may:

. . . .

(xi) Take all necessary action to plan, construct or otherwise improve, modify, repair, maintain and regulate the use of streets, including the regulation of any structures thereunder, alleys, any bridges, parks, public grounds, cemeteries and sidewalks;

. . . .

(xxx) Divide the city or town into suitable districts for establishing a system of drainage including surface water drainage, sanitary sewers and water mains and:

(A) Provide and regulate the construction, repair and use of sewers and drains;

(B) Provide penalties for violations of regulations;

(C) Assess against the property concerned any penalty or costs and expenses in compliance with regulations.

. . . .

(xli) Adopt ordinances, resolutions and regulations, including regulations not in conflict with this act and necessary for the health, safety and welfare of the city or town, necessary to give effect to the powers conferred by this act. . . .

[¶ 6] Additional relevant municipal authority is found in Wyo. Stat. Ann. § 15–7–101 (LexisNexis 2007):

(a) In addition to all other powers provided by law, any city or town may make public improvements as follows for which bonds may be issued to the contractor or be sold as provided in this chapter to:

. . . .

(ii) Establish, construct, purchase, extend, maintain and regulate a system of water works, for the purpose of supplying water for extinguishing fires and for domestic, manufacturing and other purposes. . . . Cities or towns may enact ordinances and make all necessary rules and regulations for the government and protection of their water works, ditches and reservoirs, and fix water rates and provide for their collection. . . .

(iii) Take any action necessary to establish, purchase, extend, maintain and regulate a water system for supplying water to its inhabitants and for any other public purposes, including:

(A) Condemnation of property;

(B) Prescribing and regulating of rates for the use of water; and

(C) Enacting ordinances for their enforcement and collection.

(iv) Establish, construct, purchase, extend, maintain and regulate a system of sewerage;

. . . .

(xi) Plan, create, construct and equip liquid and solid waste facilities. . . . Cities or towns may enact ordinances and make all necessary rules and regulations for the government and protection of liquid and solid waste disposal facilities,

and fix rates and provide for collection and disposal[.]

[¶ 7] The rectitude of the district court's decision in this case is nearly self-evident. For a quarter of a century, and, indeed, much longer than that, this Court has recognized that statutory grants of authority to municipalities carry with them the powers necessarily implied from such grants:

It is settled that municipal corporations are creatures of the legislature and thereby subject to statutory control. 2 McQuillin Mun Corp (3d Ed), § 4.03, p. 8; *Wyoming State Treasurer v. City of Rawlins*, Wyo., 510 P.2d 301 (1973). Thus, the legislature, except as limited by the Wyoming Constitution, may confer on municipal corporations such authority as it considers proper, and municipalities can exercise only those powers which are expressly *or impliedly* conferred. 2 McQuillin, supra, §§ 10.08 and 10.09, p. 755; *City of Buffalo v. Joslyn*, Wyo., 527 P.2d 1106 (1974); *Scarlett v. Town Council, Town of Jackson, Teton County*, Wyo., 463 P.2d 26 (1969); *May v. City of Laramie*, 58 Wyo. 240, 131 P.2d 300 (1942); *Edwards v. City of Cheyenne*, 19 Wyo. 110, 111, 114 P. 677 (1911). We *have recognized in the past that the powers of a municipality are not necessarily limited to those expressly conferred but that a municipality may also exercise powers fairly and necessarily implied from the grant contained in the statute or constitutional provision.* *Whipps v. Town of Greybull*, 56 Wyo. 355, 109 P.2d 805, 146 A.L.R. 596 (1941). McQuillin discusses these implied or inherent powers as follows:

" * * * [I]t is beyond dispute that municipal corporations possess certain implied, sometimes referred to as incidental, powers * * *. Such implied powers include, and are generally held to be limited to, the following:

"1. Powers necessarily arising from those expressly granted, and also those reasonably inferred from the powers expressly granted.

"2. *Powers essential* to give effect to powers expressly granted.

"The municipal corporation may adopt or employ devices, agencies, instrumentalities, or other means for the purpose of carrying out powers expressly conferred on it, although the particular means adopted is not expressly authorized. The corporation cannot, however, under this rule enlarge or extend the power expressly granted." (Footnotes omitted and emphasis added.) 2 McQuillin, supra, § 10.12, p. 768.

*Coulter v. City of Rawlins*, 662 P.2d 888, 894–95 (Wyo.1983) (emphasis added). *See also* 56 Am.Jur.2d *Municipal Corporations, Counties, and Other Political Subdivisions* § 169 (2000).

[¶ 8] It cannot seriously be argued that the authority of a municipality to operate sewer, water, and sanitation systems does not carry with it the authority to charge for those services in the manner most reasonably designed to obtain payment. In that vein, it is not illogical or unreasonable for the Town of Thermopolis to make the property owner ultimately liable for the provision of town services to his or her property. A municipal utility system that required the municipality to "swallow" the losses occasioned by tenants who "skipped out" without paying, would not be financially sound.

[¶ 9] The appellant's position is that the relevant statutes do not specify that cities and towns may charge property *owners* with service fees, but use instead words like "user," "consumer," and "inhabitant." For instance, Wyo. Stat. Ann. § 15–7–101(a)(iii) authorizes the municipality to "maintain and regulate a water system for supplying water to its *inhabitants* [.]" (Emphasis added.) Wyo. Stat. Ann. § 15–7–508(b) (LexisNexis 2007) authorizes cities and towns operating sewerage systems to "provide by ordinance that the *users* of the system pay a service rate sufficient to pay the cost of" the system. (Emphasis added.)

[¶ 10] We conclude that the appellant's interpretation of these and similar statutes would have an unreasonably inhibitory effect upon the provision of municipal services, and runs contrary to the long-recognized principle that statutory authority granted to cities and towns carries with it

necessarily implied powers to carry out the purposes of the grant. The power to hold property owners liable for utility charges is necessary, and not just convenient, because it ensures the fiscal integrity of the utility system. Moreover, it cannot have been the reasonable intent of the legislature to define "user" so narrowly as to allow the municipality to charge only the person who, at any given time, actually, in a physical sense, "uses" the service.

## CONCLUSION

[¶ 11] The statutes that authorize cities and towns to provide water, sewer, and sanitation services also authorize those cities and towns to hold property owners ultimately liable for the cost of providing those services to the property. We affirm.